**OUTTEN & GOLDEN LLP**
Moira Heiges-Goepfert (Cal. Bar No. 326861)
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 991-8514
Facsimile:  (415) 638-8810
mhg@outtengolden.com

Sophia L. Hall (*pro hac vice*)
**LAWYERS FOR CIVIL RIGHTS**
61 Batterymarch Street, 5th Floor
Boston, MA 02110
Telephone: (617) 482-1145
Facsimile: (617) 482-4392
shall@lawyersforcivilrights.org

*Attorneys for Plaintiffs and the Proposed Class*

**McGuireWoods LLP**
Anthony Q. Le (SBN 300660)
Two Embarcadero Center, Suite 1300
San Francisco, CA  94111-3821
Telephone:  415.844.9944
Facsimile:  415.844.9922

K. Issac deVyver (*pro hac vice*)
Karla Johnson (*pro hac vice*)
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Telephone: 412.667.6000
Facsimile: 412.667.6050

*Attorneys for Defendants*
*Social Finance, Inc. d/b/a SoFi and*
*SoFi Lending Corp. d/b/a SoFi*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JUAREZ, CALIN CONSTANTIN SEGARCEANU, EMILIANO GALICIA, and JOSUE JIMENEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SOCIAL FINANCE, INC. d/b/a SOFI, and SOFI LENDING CORP. d/b/a SOFI,<br><br>Defendants. | Case No.: 4:20-cv-03386-HSG<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**<br><br>District Judge: Haywood S. Gilliam, Jr.<br>Complaint filed: May 19, 2020<br>First Amended Complaint Filed: July 30, 2020<br>Second Amended Complaint Filed: May 3, 2021 |

1

WHEREAS, the above-entitled action is pending before this Court (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Action, in accordance with the Settlement Agreement and Release dated April 13, 2022 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Agreement and the exhibits annexed thereto;

WHEREAS, all defined terms herein have the same meanings as set forth in the Agreement;

WHEREAS, on _____ __, 2022, a hearing was held on the motion of Plaintiffs to (1) conditionally certify the Settlement Class; (2) preliminarily approve the parties' proposed class action settlement; (3) appoint Plaintiffs Calin Constantin Segarceanu, Emiliano Galicia, and Josue Jimenez as the Class Representatives, their counsel as Class counsel, and Rust Consulting as Settlement Administrator; (4) set the deadlines for filing claims, written exclusions, or objections to the Agreement; (5) approve the forms of notice to the Settlement Class and the claim form; and (6) schedule a hearing on the final approval of the Agreement for _____, 2022 (the "Preliminary Approval Motion").

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  **Nature of Action.** Plaintiffs allege that Defendants Social Finance, Inc. d/b/a SoFi and SoFi Lending Corp. d/b/a SoFi (together, "SoFi") engaged in lending discrimination on the basis of alienage or immigration status in violation of federal and California state law by excluding DACA recipients and Conditional Permanent Residents from access to a variety of consumer credit products.

SoFi disputes and denies all of Plaintiffs' claims. SoFi contends that it has fully complied with all applicable laws at issue in this matter.

2.  **Settlement.** Plaintiff Ruben Juarez, individually ("Individual Plaintiff"), and Plaintiffs Calin Constantin Segarceanu, Emiliano Galicia, and Josue Jimenez, together, the ("Class Representatives"), individually and as class representatives on behalf of the Class, and SoFi

(collectively the "Parties") have negotiated a potential settlement to the Action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Agreement) against SoFi and the Releasees.

3.    **Review.** At the preliminary approval stage, the Court's task is to evaluate whether the settlement is within the "range of reasonableness." 4 Newberg on Class Actions § 11.26 (4th ed. 2010). In determining whether class action settlements should be approved, "[c]ourts judge the fairness of a proposed compromise by weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement. [Citation omitted] . . . They do not decide the merits of the case or resolve unsettled legal questions." *Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981). To determine if a class action settlement is "fair, reasonable, and adequate," the district court must consider eight factors: "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). "[A] settlement agreement is presumptively valid...." *Ruonavaara v. Harris Corp.*, No. CV 2:17-2463 WBS CKD, 2018 WL 746498, at *1 (E.D. Cal. Feb. 6, 2018) (citation omitted). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation*, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arms'-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

The Court has carefully reviewed the Agreement, including the plan of allocation and the release of claims, as well as the files, records, and proceedings to date in the Action. The Court has also reviewed the declarations of Ossai Miazad and Sophia Hall in support of preliminary approval. The terms and conditions in the Agreement are hereby incorporated as though fully set forth in this

Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Agreement.

4.   **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class, and venue in this Court is proper.

5.   **Preliminary Approval.** Based on the review the Court has conducted, as set forth in paragraph 3, the Court does hereby preliminarily approve the Agreement and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below. The Court finds on a preliminary basis that the Settlement as set forth in the Agreement falls within the range of reasonableness and was the product of informed, good-faith, arms'-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval. The Court finds and concludes that the assistance of an experienced mediator in the settlement process supports the finding that the Settlement is non-collusive.

6.   **Settlement Classes.** The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon the Action, including no effect upon the Action should the Agreement not receive Final Approval or should the Effective Date not occur), a class defined as the collective group of all persons making up the National Class and the California Class, defined as follows:

- "National Class" means those individuals who
    - (i) applied for or attempted to apply for any credit product from SoFi; (ii) between December 19, 2019 through the date of preliminary approval; (iii) who held valid and unexpired DACA or CPR status at the time they applied for or attempted to apply for credit; (iv) who called SoFi at the designated 877 number regarding the application as set forth in the class data produced by SoFi; (v) who were denied as set forth in the class data produced by SoFi; and (vi) who were not California residents as indicated in the "applied state" data field as set forth in the class data produced by SoFi; or

- ○ (i) applied for or attempted to apply for any credit product from SoFi; (ii) between May 19, 2017 through the date of preliminary approval; (iii) who held valid and unexpired DACA or CPR status at the time they applied for or attempted to apply for credit; (iv) who opted out of SoFi's arbitration provision in writing; (v) who were denied as set forth in the class data produced by SoFi; and (vi) who were not California residents as set forth in the class data produced by SoFi;

  - ○ Excluded from the National Class are SoFi, all officers, directors, and employees of SoFi, and their legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.

- • "California Class" means those individuals who

  - ○ (i) applied for or attempted to apply for a credit product from SoFi; (ii) between December 19, 2019 through the date of preliminary approval; (iii) who held valid and unexpired DACA or CPR status at the time they applied for or attempted to apply for credit; (iv) who called SoFi at the designated 877 number regarding the application as set forth in the class data produced by SoFi; (v) who were denied as set forth in the class data produced by SoFi; and (vi) who were California residents as indicated in the "applied state" data field as set forth in the class data produced by SoFi; or

  - ○ (i) applied for or attempted to apply for a credit product from SoFi; (ii) between May 19, 2017 through the date of preliminary approval; (iii) who held valid and unexpired DACA or CPR status at the time they applied for or attempted to apply for credit; (iv) who opted out of SoFi's arbitration provision in writing; (v) who were denied as set forth in the class data produced by SoFi; and (vi) who were California residents as set forth in the class data produced by SoFi.

  - ○ Excluded from the California Class are SoFi, all officers, directors, and employees of SoFi, and their legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.

[PROPOSED] ORDER
PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE
No. 4:20-cv-03386-HSG

The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(a) and (b)(3) is appropriate in that, in the settlement context: (a) the Members of the Classes are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to each Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of each Class; (d) the Class Representatives will fairly and adequately represent and protect the interests of the Class Members because their interests are co-extensive with those of the Class Members, and they have retained experienced counsel to represent them and the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.     **Designation of Class Representatives and Class Counsel.** The Court finds and concludes that Class Representatives Calin Constantin Segarceanu, Emiliano Galicia, and Josue Jimenez have claims typical of and are adequate representatives of the members of the Nationwide Class they propose to represent, and Class Representatives Emiliano Galicia and Josue Jimenez have claims typical of and are adequate representatives of the members of the California Class they propose to represent. The Court hereby appoints Calin Constantin Segarceanu, Emiliano Galicia, and Josue Jimenez to serve as Class Representatives for the Nationwide Class and Emiliano Galicia and Josue Jimenez to serve as Class Representatives for the California Class. The Court finds and concludes that Outten & Golden LLP and the Lawyers for Civil Rights have extensive experience expertise in prosecuting discrimination and civil rights class actions. The Court hereby appoints Outten & Golden LLP and Lawyers for Civil Rights as Class Counsel.

8.     **Final Approval Hearing.** A hearing (the "Final Approval Hearing") shall be held before this Court, on _____, 2022, at _____.m., at the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 2, 1301 Clay Street, Oakland, CA 94612 to determine, among other things: (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Judgment as provided in Paragraph 1.25 of the Agreement should be entered; (iii) whether Settlement Class Members should be bound

[PROPOSED] ORDER
PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE
No. 4:20-cv-03386-HSG

by the Release set forth in the Agreement; (iv) any amount of fees and expenses that should be awarded to Class Counsel and any award to the Class Representatives and Individual Plaintiff for their representation of and service to the Class; (vi) to consider any Settlement Class Member's objections to the Settlement and/or any application by Class Counsel for payment or reimbursement of attorneys' fees, costs, and expenses and any application for an award to the Class Representatives and Individual Plaintiff; and (vii) to rule upon such other matters as the Court may deem appropriate. The Parties shall include the date of the Final Approval Hearing in the Notice to be mailed to the Settlement Class.

9.     **Class Notice.** The Court approves the form, substance and requirements of the Notice of Proposed Settlement of Class Action (the "Notice") and the Claim Form annexed to the Agreement as Exhibits 1 and 2, respectively, the Text Message notice, annexed as Exhibit 3, the Reminder Notice, annexed as Exhibit 7, and the proposed communication to claimants regarding Official Documentation, annexed as Exhibit 4. The Court further finds that the form, content and mailing of the Notice, substantially in the manner and form set forth in Paragraph 9 of this Order, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The Notice is based on the model forms supplied by the Federal Judicial Center and the Northern District of California's Procedural Guidance for Class Action Settlements, and it fairly, plainly, accurately, and reasonably informs potential Class Members of appropriate information about (1) the nature of this action, the definition of each Settlement Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation and the programmatic relief, and includes the address for a website maintained by the Settlement Administrator that has links to the notices, motions for approval and for attorneys' fees and any other important documents in the case; (2) Plaintiffs' forthcoming application for the Plaintiffs' Service Awards and Class Counsel's attorneys' fees and costs award; (3) how Class Members' individual settlement payments will be calculated, with examples; (4) this Court's procedures for final approval of the Settlement; (5) how to submit a Claim Form, object to, or opt out of the Settlement; (6) how to obtain additional information regarding this Action and the Settlement, including instructions on how to access the

7

1  case docket via PACER or in person at any of the Court's locations; and (7) the date of the Final

2  Approval Hearing and that the date may change without further notice to the Settlement Class, and

3  that Class Members may check the settlement website or the Court's PACER site to confirm that

4  the date has not been changed.

5        The Court further finds and concludes that the proposed plan for distributing the Notice

6  likewise is a reasonable method calculated to reach all individuals who would be bound by the

7  Settlement. Under this plan, the Settlement Administrator will distribute the Notice to all

8  individuals on the Notice List by first-class mail, e-mail, and text message to their last known

9  mailing and e-mail address and phone number, where the email address and phone number are

10  readily available. There is no additional method of distribution that is cost-effective and would be

11  reasonably likely to notify potential Class Members who may not receive notice under this proposed

12  distribution plan. In addition, the Settlement Administrator will send reminder notices by email and

13  text message (where the email address and phone number are readily available) to those who have

14  not submitted a claim form as the response deadline approaches.

15        The Court further finds and concludes that the Notice List may contain individuals with and

16  without DACA or CPR status who were denied the applicable types of credit by Defendant. The

17  Court further finds that because the Notice List may also contain individuals without DACA or

18  CPR status, it may be necessary for Class Members to demonstrate that they have DACA or CPR

19  status and that the proposed Notice plan does so in a reasonable method by requiring upon request,

20  via Exhibit 4, the submission of Official Documentation no later than twenty-one (21) days after

21  the Claims Deadline. The Court further finds that the Settlement contains reasonable protections to

22  maintain the confidentiality of such Official Documentation, including ensuring that Class

23  Members submit it only to the Settlement Administrator, which will treat it with the highest level

24  of confidentiality.

25        The Court hereby concludes that the proposed Notice and Notice plan are the best

26  practicable under the circumstances and are reasonably calculated, under all the circumstances, to

27  apprise potential Class Members of the pendency of the Action, to apprise persons who would

28

8

otherwise fall within the definition of the Class of their right to exclude themselves from the proposed Class, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Final Approval Hearing. The Court further finds that the Notice constitutes due and sufficient notice to all persons entitled thereto.

10. **Settlement Administrator.** Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints Rust Consulting ("Settlement Administrator") to supervise and administer the notice procedure as more fully set forth below:

(a) No later than thirty (30) days from the entry of this Order (the "Notice Mailing Date"), the Settlement Administrator shall cause a copy of the Notice, substantially in the form annexed as Exhibit 1 hereto, together with the Claim Form, substantially in the form annexed as Exhibit 2 hereto (though the Settlement Administrator shall have discretion to format the Notice in a reasonable manner to minimize mailing or administration costs), to be mailed by first class U.S. mail and e-mailed (to the extent email is readily available) to the last known mailing address and e-mail address of each individual on the Notice List;

(b) No later than the Notice Mailing Date, the Settlement Administration shall cause a copy of the Text Message, substantially in the form annexed as Exhibit 3 hereto, to the last known phone number (to the extent phone numbers are readily available) of each individual on the Notice List;

(c) No later than the Notice Mailing Date, the Settlement Administrator shall establish a website at www._____.com, and shall post on the website the Agreement and Exhibits including the Notice and Claim Form, and the operative Complaint in this Action;

(d) Following the mailing of the Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing and publication via website;

(e) No later than 30 days following the Notice Mailing Date, the Settlement Administrator shall cause a copy of the reminder notice, substantially in the form annexed as Exhibit 7 hereto, to be emailed and texted (where the email address and phone numbers are readily available) to each individual on the Notice List; and

(f)     The Settlement Administrator has prepared the CAFA notice in conformity with 28 U.S.C. § 1715.  The Court finds that SoFi's obligations under CAFA are satisfied.

(g)     The Settlement Administrator shall otherwise carry out its duties as set forth in Section 6 of the Agreement.

11.     **Submission of Claim Forms.** Class Members who wish to receive payment under the Settlement shall complete, sign, and return their Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than fifty (50) days before the Final Approval Hearing.  If requested, any Official Documentation required to support a Claim Form must be submitted no later than twenty-one (21) days after the Claim Deadline.  Any Class Member who does not timely and validly submit a Verified Claim Form within the time provided shall be barred from receiving payment under the Settlement, unless otherwise ordered by the Court, but shall nevertheless be bound by any Final Judgment entered by the Court.

12.     **Exclusion from the Class.** Any Class Member may, upon request, be excluded from the Class. Any such Class Member must submit a written Request to Opt Out, postmarked no later than sixty-five (65) days before the Final Approval Hearing. The written Request to Opt Out must be sent to the Settlement Administrator. To be valid, the Class Member must submit a written request and: (a) identify the case name, (b) identify the name and address of the person requesting exclusion, (c) be personally signed by the person requesting exclusion, (d) contain a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Action", and (e) an affirmation via sworn statement that the individual had valid and unexpired DACA or CPR status and was denied credit products.  If requested, the Request to Opt Out must also include Official Documentation as set forth in Section 11 of the Settlement Agreement, consisting of either (1) a copy of their I-797 Approval Notice from an I-821D; (2) a work authorization card containing the code "C-33"; or (3) a conditional green card that is either current or was valid at the time of their denied application. All Class Members who submit valid, verified, and timely Requests to Opt Out in the manner set

10

1  forth in this Paragraph shall have no rights under the Agreement and shall not be bound by the

2  Agreement or any Final Judgment. Mass or class opt outs shall not be allowed. A Class Member

3  who desires to opt out must take timely affirmative written action pursuant to this Order and the

4  Agreement, even if the person desiring to opt out of the Class (a) files or has filed a separate action

5  against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class

6  action filed against any of the Released Parties.

7         13.     **Copies of Requests to Opt Out.** The Settlement Administrator shall provide Class

8  Counsel and Defense Counsel with a list of all timely Requests to Opt Out within seven (7) business

9  days after the Opt-Out Deadline.

10         14.     **Entry of Appearance.** Any member of the Class who does not exclude himself or

11  herself from the Settlement Class may enter an appearance in the Action, at his or her own expense,

12  individually or through counsel of his or her own choice. If he or she does not enter an appearance,

13  he or she will be represented by Class Counsel.

14         15.     **Binding Effect on Class.** All Class Members who do not exclude themselves from

15  the Settlement Class by properly and timely submitting an exclusion form shall be bound by all

16  determinations and judgments in the Action concerning the Settlement, whether favorable or

17  unfavorable to the Class.

18         16.     **Objections.** Any Class Member who does not timely and validly exclude himself

19  or herself from the Settlement Class may appear and show cause, if he or she has any reason why

20  the proposed Settlement of the Action should not be approved as fair, reasonable and adequate,

21  why a Final Judgment should not be entered thereon, why attorneys' fees and expenses should not

22  be awarded to Class Counsel, or why an award should not be made to the Class Representatives;

23  provided, however, that no Class Member shall be heard or entitled to contest the approval of the

24  terms and conditions of the proposed Settlement, or, if approved, the Final Judgment to be entered

25  thereon approving the same, or any attorneys' fees and expenses to be awarded to Class Counsel

26  or award made to the Class Representatives, unless a written objection is filed with the Clerk of the

27  United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay

28

[PROPOSED] ORDER
PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE
No. 4:20-cv-03386-HSG

Street, Oakland, CA 94612, on or before sixty-five (65) days before the Final Approval Hearing. To be valid, the objection must be made in writing and set forth, in clear and concise terms: (a) the case name and number (*Juarez v. SoFi*, Case Number 20 Civ. 3386); (b) the name, address, telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the reasons for the objection; (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel; and (e) affirm via sworn statement that the individual had valid and unexpired DACA or CPR status and was denied credit products. If requested, the Objection must also include the Official Documentation as set forth in Section 12 of the Agreement, to be provided only to the Settlement Administrator, consisting of either (1) a copy of the Class Member's I-797 Approval Notice from an I-821D; (2) a work authorization card containing the code "C-33"; or (3) a conditional green card that is either current or was valid at the time of the Class Member's denied application. Within seven (7) business days of the Objection Deadline, the Settlement Administrator shall provide a report to the Court setting forth a list of Objections that meet the above guidelines. The Court shall have the ultimate determination of whether an Objection has been appropriately made, and the Court may seek *in camera* review of Official Documentation if requested.

17.     Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of an award to the Class Representatives for their representation of the Class, unless otherwise ordered by the Court.

18.     **Appearance of Objectors at Final Approval Hearing.** Any Class Member who files and serves a written objection in accordance with Paragraph 16 of this Order may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the

objector files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"). The Notice of Intention to Appear must include the identity of any witnesses that may be called to testify and copies of any papers, exhibits, or other evidence that the objector will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing and raise any objections.

19.     **Service of Motion for Final Approval.** The motion in support of final approval of the Settlement shall be filed and served no later than fourteen (14) calendar days prior to the Final Approval Hearing and any responsive papers shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

20.     **Fees, Expenses, and Awards.** Class Counsel's application for Attorneys' Fees and Expenses shall be filed and served no later than thirty-five (35) calendar days prior to the Final Approval Hearing. Neither SoFi nor the Releasees shall have any responsibility for any application for Attorneys' Fees and Expenses submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Final Approval Hearing, the Court shall determine whether any application for Attorneys' Fees and Expenses, and any award to the Class Representatives and Individual Plaintiff for their service to the Class, should be approved.

21.     **Releases.** If the Settlement is finally approved, the Releasors shall release the Releasees from all Released Claims.

22.     **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of SoFi. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or

any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

23.     **Continuance of Final Approval Hearing.** The Court reserves the right to continue the date of the Final Approval Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

24.     **Stay of Proceedings.** All proceedings in this Action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

25.     **Preliminary Injunction.** Pending final determination of whether the Settlement should be approved, and upon expiration of the Opt-Out Deadline, all Class Members who do not timely and validly exclude themselves from the Settlement Class, and each of them, and anyone who purports to act on their behalf, are preliminarily enjoined from directly or indirectly maintaining, commencing, prosecuting, or pursuing directly, representatively, or in any other capacity, any Released Claim subsumed and covered by the Release in the Agreement, including in any court or arbitration forum.

26.     **Termination of Settlement.** If: (a) the Agreement is terminated as provided in Section 13 of the Agreement; or (b) any specified material term or condition of the Settlement as set forth in the Agreement is not satisfied as provided in Section 13 of the Agreement, then this Order may not be introduced as evidence or referred to in any actions or proceedings by any person or entity and shall be treated as vacated, *nunc pro tunc* (except Paragraph 22 of this Order shall remain in effect), and each party shall be restored to his, her, or its respective position in this Action as it existed prior to the execution of the Agreement.

27.     **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

28.     **Authority.** The Court hereby authorizes the Parties to take such further steps as necessary and appropriate to establish the means necessary to implement the terms of the Agreement.

29.     **Jurisdiction.** This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Agreement and the Settlement.

IT IS SO ORDERED.

DATED: _____     _____
                          THE HONORABLE HAYWOOD S. GILLIAM, JR.
                          UNITED STATES DISTRICT JUDGE

15